**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Daniel D. Domenico**

Civil Action No. 1:26-cv-01430-DDD-TPO

JITENDRA SINGH,

 Petitioner,

v.

WARDEN, DENVER CONTRACT FACILITY;
DENVER FIELD OFFICE DIRECTOR, U.S. IMMIGRATION AND
 CUSTOMS ENFORCEMENT;
DAVID VENTURELLA, in his official capacity as Acting Director of
 U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN, in his official capacity as Secretary of the
 U.S. Department of Homeland Security; and
TODD BLANCHE, in his official capacity as Acting Attorney General
 of the United States,

 Respondents.[1]

---

### ORDER DENYING WRIT OF HABEAS CORPUS

---

Petitioner Jitendra Singh seeks a writ of habeas corpus directing his release from immigration detention. Doc. 1. For the following reasons, his petition is denied.

### BACKGROUND[2]

The petitioner is a native and citizen of India. Doc. 1-1 at 1. He entered the United States without inspection on August 10, 2022 and was

---

[1] To the extent that any of the original respondents has ceased to hold office during the pendency of this action, that party's successor "is automatically substituted as a party," and "any misnomer not affecting the parties' substantial rights must be disregarded." Fed. R. Civ. P. 25(d).

[2] In this Order, all pinpoint citations to the record use the blue page number appended by the Court's Electronic Case Filing system at the

apprehended shortly thereafter. Doc. 1 at 2, 5. On August 11, 2022, the Department of Homeland Security served the petitioner with a Notice to Appear, initiating removal proceedings under 8 U.S.C. § 1229a. *Id.* at 5; Doc. 1-1. On August 12, 2022, Immigrations and Customs Enforcement issued a Form I-220A Order of Release on Recognizance, and he was released subject to conditions. Doc. 1 at 2, 5, 6; Doc. 1-2.

On March 11, 2026, while the petitioner was on duty as a commercial truck driver, his truck suffered a flat tire. Doc. 1 at 5. While he was on the side of the road, a highway patrol officer arrived at the scene, and shortly thereafter ICE officers arrived and detained the petitioner. *Id.* The petitioner was not provided any prior notice or opportunity to be heard before he was re-detained, and he has been in custody since that time (*i.e.*, for approximately 3.5 months) without a bond hearing. *Id.* at 2, 5-6. The petitioner timely filed a Form I-589 application for asylum and withholding of removal, and his proceedings in immigration court (which have been pending for approximately 46.5 months) are ongoing. *Id.* at 1, 6.

The petitioner contends that his re-detention violates his procedural due-process rights. Doc. 1 at 6-13; Doc. 15 at 2-7.

## DISCUSSION[3]

The legally relevant facts of this case are nearly identical to those in *Lovepreet Singh v. Baltazar*, No. 1:26-cv-01076-DDD-TPO, 2026 WL 1282828 (D. Colo. May 11, 2026). And the petitioner here has raised no

---

top of each page, which may differ from a document's internal pagination.

[3]  Because the relevant facts are not in dispute and the petitioner's challenge to detention is fundamentally legal in nature, I have determined that a hearing is not necessary.

new argument that I have not already considered in connection with that case or other similar cases.

For the same reasons explained in *Lovepreet Singh*, the petitioner here is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b), and his re-detention after release on conditional parole does not violate his due-process rights. *See* 2026 WL 1282828; *see also Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Sierra v. INS*, 258 F.3d 1213 (10th Cir. 2001); *Banyee v. Garland*, 115 F.4th 928, 934 (8th Cir. 2024); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 735-58 (6th Cir. 2026) (Murphy, J., dissenting); *Hernandez Alvarez v. Warden*, 175 F.4th 1258, 1285-1309 (11th Cir. 2026) (Lagoa, J., dissenting); *Castañon-Nava v. DHS*, 157 F.4th 828, 863-77 (7th Cir. 2026) (Kirsch, J., dissenting); *In re Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025); *Kikilashvili v. Noem*, No. 1:26-cv-00388-DDD-SBP, slip op. (D. Colo. June 29, 2026), ECF No. 13; *Ferrer v. Dir. Aurora ICE Processing Ctr.*, No. 1:26-cv-00983-DDD, slip op. (D. Colo. June 26, 2026), ECF No. 17; *Perez Rivas v. Baltazar*, No. 1:25-cv-03981-DDD-CYC, slip op. (D. Colo. June 15, 2026), ECF No. 15; *Melgar Hernandez v. Blanche*, No. 1:26-cv-00600-DDD-STV, slip op. (D. Colo. Apr. 29, 2026), ECF No. 13; *Valle-Rodriguez v. Hagan*, No. 1:26-cv-00609-DDD-CYC, slip op. (D. Colo. Apr. 22, 2026), ECF No. 11; *Singh v. Blanche* (*Gurmeet Singh*), No. 1:26-cv-00421-DDD-KAS, slip op. (D. Colo. Apr. 15, 2026), ECF No. 12. The petitioner is therefore not entitled to habeas relief.

## CONCLUSION

It is **ORDERED** that:

The Court's Order to Show Cause, Doc. 6, is **DISCHARGED**, and the Petition for Writ of Habeas Corpus, **Doc. 1**, is **DENIED** and **DISMISSED WITHOUT PREJUDICE**;

The petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunctive Relief, **Doc. 2**, is **DENIED AS MOOT**;

Pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of Court is **DIRECTED** to: (1) substitute David Venturella, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement, in place of Respondent Todd M. Lyons; (2) substitute Markwayne Mullin, in his official capacity as Secretary of the U.S. Department of Homeland Security, in place of Respondent Kristi Noem; and (3) substitute Todd Blanche, in his official capacity as Acting Attorney General of the United States, in place of Respondent Pamela Bondi; and

The Clerk of Court is **FURTHER DIRECTED** to enter final judgment and close this case.

DATED: June 29, 2026        BY THE COURT:

Daniel D. Domenico
Chief United States District Judge

- 4 -